ANNIE McGINITY, Appellant, *vs.* SARAH McGINITY, Administratrix, Appellee.

Where an administrator returns an inventory under oath to the Probate Court, the acceptance and recording of the same by the court cannot be treated as a judgment, and the administrator is not so far concluded by the inventory and by the action of the court thereon, that a mistake made in the inventory by charging him with property which did not belong to the intestate cannot afterwards be corrected in his accounts.

An administratrix on the estate of her husband returned under oath to the Probate Court an inventory which was received by the court and ordered to be recorded. The administratrix, on presenting an amended account to the Probate Court, claimed that by a mistake she was charged in the inventory with two mortgages as of the assets in her hands, when in fact the mortgages, though running to the intestate, were given for money belonging to herself in her own right and loaned by her to her husband in his lifetime. The Probate Court allowed the account, but on appeal the Common Pleas Division of the Supreme Court disallowed the items of credit on account of the two mortgages. On petition for a new trial.

*Held*, that if the facts were as claimed by the administratrix, she had the right to retain the proceeds of the two mortgages in repayment of her loan, and should be allowed to credit herself with the amount in her account as so much retained for such repayment, but not as "errors and shrinkage in inventory."

*Held*, further, that upon a new trial the Common Pleas Division, if it clearly appeared upon the evidence that the mortgages were given for money loaned by the administratrix to the intestate in his lifetime, might allow the account to be amended.

APPELLEE'S petition for a new trial.

*June* 19, 1896. TILLINGHAST, J. The facts in this case are as follows, viz. : Sarah McGinity was appointed administratrix on the estate of her husband, George McGinity, deceased, by the Probate Court of Warwick on the          day of          1889. Appraisers were also duly appointed and an inventory filed, showing personal estate amounting to $1,324.26. Among other things the inventory contained two mortgage notes, one against Patrick McMahon for $1,030,

and one against Bartley and Catherine Gaffney for $201.58. Said inventory was sworn to by the administratrix and was duly filed in and ordered recorded by said Probate Court, July 8th, 1889.

The first account of the administratrix was filed April 10th, 1893, and the amended account, which contains the matter in dispute, was filed May 8th, 1893, and on the same day after hearing the parties with their witnesses and by counsel, was allowed by said Probate Court against the appellant's objection. From this allowance the appellant appealed to the Common Pleas Division where, jury trial being waived, the case was heard by the court, whose findings of fact and of law are as follows :—

" I find as matter of fact that the administratrix's inventory, sworn to by her and duly allowed by the Probate Court having jurisdiction of the estate, charged her with two mortgages as of the assets in her hands ; · that the account now under consideration credits her with the proceeds of two mortgages under the head of errors and shrinkage in inventory $1,258.68."

"I find as matter of law that the administratrix is bound by the inventory and the judgment of the Probate Court accepting the same, as well as by her oath thereto and cannot now be heard to say that the mortgage and debts were her property in contradiction to her statement that they belonged to her husband's estate."

"The account should be amended by striking out all credits on account of these mortgages."

To this decision the said Sarah McGinity by her attorney duly excepted, and the case is now before us on a petition for a new trial. The contention of the counsel for appellant is that the matter is *res judicata* against the administratrix, and that she is estopped by the judgment of the Probate Court in the premises : In other words, that the receiving and recording of the inventory by said Probate Court was a judicial act ; also that the administratrix is estopped by her oath to the inventory, made by appraisers selected by her, of property and estate which she set out to them as assets of

the estate, from now claiming that the mortgages belonged
to her, under the maxim "_Allegans contraria non est audiendus_." He further urges that the act of presenting the
inventory and swearing to it constituted an admission _in
judicio_, i. e., a solemn admission in open court which is conclusive against the party making it. On the other hand it
is contended by counsel for appellee that the notes which
were secured by said mortgages, while they stood in the
name of the intestate, yet in fact belonged to the administratrix in her own right, as the money for which they were
given was hers, and that she supposed that when the money
was loaned by her to her husband, the notes were taken in
her name, she being unable to read or write, and hence that
she is entitled to credit her account with the amount of the
two notes as "errors and shrinkage in inventory," or to
retain the same amount as money due and owing to her from
the estate on account of loans to her husband in his lifetime.
The only question raised, then, by the record, is whether the
Common Pleas Division erred in deciding that the administratrix is bound by the inventory rendered as aforesaid, and
that said inventory cannot now be changed by crediting the
amount of said notes.

We do not think the rendering of an inventory by an
administrator, under oath to the Probate Court, and the reception and recording thereof by such court can be treated
as a judgment. It is the duty of the administrator to return
a true and just inventory of all the property, rights and
credits of the deceased which have come to his hands or
knowledge. The Probate Court in receiving and recording
the same does not determine whether such inventory is right
or wrong. It passes no judgment thereon. In fact, as a
matter of practice, we presume that such inventory is seldom
examined at all by the Probate Court unless in case it is
questioned by some party in interest. It is simply ordered
to be recorded. The administrator like all other persons is
liable to make mistakes. He may omit by accident to inventory certain items of property belonging to the intestate, on
the one hand, or he may include in such inventory by mistake

property which does not belong to the intestate, on the other, and the plainest dictates of reason and justice require that in either case the error when discovered should be corrected.   In the case at bar it is contended by the administratrix that a mistake was made in charging the amount of said mortgage notes to her, they being in fact her property, and hence should have been credited instead of charged ;  or, in any event, that she should be allowed to charge the estate with the amount found due to her by reason of said loans.

If it is true that said notes, although *prima facie* belonging to the estate of her husband, yet in fact represented money borrowed from the administratrix in manner aforesaid, then said notes, together with the mortgages taken as security therefor, were held by the intestate as trustee for her. And this being so, she had the right to retain the money obtained thereon, in repayment of her loan. *Perkins* v. *Se Ipsam*, 11 R. I. 270.   And while we think it was error on the part of the Probate Court to allow the administratrix to amend her account by crediting herself with the amount of said notes as "errors and shrinkage in inventory," yet that it would have been proper to allow her to credit herself with the amount thereof, retained as aforesaid to repay the loan, upon satisfactory proof of the making thereof.   And we see no reason why the Common Pleas Division, if satisfied that such a credit ought to be given, cannot now allow the account to be amended in this regard, and send it back to the Probate Court for record, as thus amended.

Of course, the inventory having been rendered under oath constitutes a solemn admission on the part of the administratrix that said notes absolutely belonged to the intestate, and before allowing her to contradict the statement thus made in the way suggested, it ought to be made clearly to appear that in rendering the inventory and neglecting to credit herself with said amount she made an honest mistake.   That question, however, is not before us, as we are simply called upon to determine whether the Common Pleas Division rightly ruled that in no event could said account be amended

or changed.	We are of the opinion that this was error, and for this reason a new trial must be granted.

Petition for new trial granted.

*Albert R. Greene,* for appellant.

*Samuel W. K. Allen,* for appellee.